### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:14-CR-14-TLS |
| | ) | |
| FLOYD D. THOMAS | ) | |

## OPINION AND ORDER

The Defendant, Floyd D. Thomas, along with five co-defendants, was charged by Indictment with conspiracy to possess with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking crime. Thomas is the lone defendant in four charges of distributing heroin. The heroin distribution charges are the result of controlled purchases, either by a confidential informant who was working with federal investigators, or an undercover ATF Task Force Officer. In a Motion to Suppress, which Thomas filed after exercising his right to represent himself in these criminal proceedings, he asks the Court "to suppress any and all evidence in this cause directly or indirectly related to the defendant's interactions with and alleged purchases of controlled substances from the confidential informant used by the Government in this matter." (Mot. to Suppress 1, ECF No. 317.) The basis for his request is that the Government committed outrageous conduct in connection with using the confidential informant, thus violating his due process rights. He requests an evidentiary hearing to prove the merits of his claim.

The Government's position is that the Defendant is not entitled to an evidentiary hearing because he has not offered any specific facts or evidence for the Court to evaluate whether a factual dispute exists. Further, the doctrine of outrageous government conduct on which the Defendant relies is not an appropriate grounds to bar prosecution. The Government is correct on

both fronts. For these reasons, as explained below, the Court denies the Defendant's Motion to Suppress.

**ANALYSIS**

Evidentiary hearings to resolve motions to suppress are not automatically required. *United States v. McGaughy*, 485 F.3d 965, 969 (7th Cir. 2007). Rather, a court need only conduct a hearing "'when the allegations and moving papers are sufficiently definite, specific, non-conjectural and detailed enough to conclude that a substantial claim is presented and that there are disputed issues of material fact which will affect the outcome of the motion.'" *Id.* (quoting *United States v. Villegas*, 388 F.3d 317, 324 (7th Cir. 2004)). The Seventh Circuit has "emphasized the necessity of materiality in any factual disputes that are presented to the district court as a predicate for an evidentiary hearing." *Id.* The burden is on the defendant who is seeking an evidentiary hearing to specifically allege a definite, material, factual issue that is in dispute. *Id.*

The Supreme Court introduced the concept of outrageous government conduct, as distinct from the defense of entrapment, in *United States v. Russell*, 411 U.S. 423 (1973). In that case, the Court found neither entrapment nor outrageous governmental conduct, but it left open the possibility that "we may some day be presented with a situation in which the conduct of law enforcement agents is so outrageous that due process principles would absolutely bar the government from invoking judicial processes to obtain a conviction." *Id.* at 431–32.

Since that time, not a single prosecution or conviction has been precluded or overturned in this circuit on the basis of outrageous government conduct. In fact, the Seventh Circuit has

rejected the defense outright, stating that it "does not exist in this circuit." *United States v. Smith*, 792 F.3d 760, 765 (7th Cir. 2015) (quoting *United States v. Boyd*, 55 F.3d 239, 241 (7th Cir. 1995)); *see also United States v. Stallworth*, 656 F.3d 721, 730 (7th Cir. 2011) (citing "a fatal problem with [the defendant's argument]: Outrageous government conduct is not a defense in this circuit"); *United States v. White*, 519 F.3d 342, 346 (7th Cir. 2008) (stating that "this circuit clearly and consistently has refused to recognize any defense based on . . . asserting 'outrageous government conduct'"); *United States v. Childs*, 447 F.3d 541, 545 (7th Cir. 2006) (noting that we had "never taken what we see to be an extreme step of dismissing criminal charges against a defendant because of government misconduct"); *Alexander v. DeAngelo*, 329 F.3d 912, 916 (7th Cir. 2003) (noting that this court "flatly rejected the doctrine" of outrageous government conduct). Because the Seventh Circuit has flatly rejected the doctrine, so too must this Court, as there are no subsequent decisions that make it "almost certain" that the Seventh Circuit would reverse its previous position "if given a chance to do so." *Olson v. Paine, Weber, Jackson & Curtis, Inc.*, 806 F.2d 731, 734 (7th Cir. 1986) (citing the limited circumstances when a lower court may reject the holding of a higher court). It makes no difference that the Defendant invokes it as a reason to suppress evidence as opposed to a basis to dismiss the criminal charges; it is not a recognized doctrine.

Even if the doctrine of outrageous government conduct were available, the Defendant's assertions would not entitle him to an evidentiary hearing. The Defendant contends that the Government engaged in outrageous conduct when it did not abide by the Department of Justice Guidelines regarding the use of confidential informants prior to using the informant in this case, and when it allowed the informant to use and sell narcotics while acting as an informant. He also

3

maintains that the Government "provided false and misleading information during the Grand Jury proceedings in order to obtain [the] indictment." (Mot. to Suppress 2.)

The Defendant asserts that the informant was not authorized to act as an informant, but he does not provide a basis for this claim. He references a "General Letter of Agreement" without identifying the Department of Justice Guideline that required such a letter, or, more importantly, presenting any case in which a violation of any Department of Justice Guidelines was found to violate the due process rights of a criminal defendant.[1]

The Defendant also asserts that the Government allowed the informant to use and sell drugs. This accusation is intended either to show how the informant was violating policies, or to suggest that the Defendant was entrapped by the informant into committing an offense he would not have otherwise been disposed to commit. These conclusory accusations about the informant's illegal activity, and the Government's purported acquiescence, do not entitle the Defendant to an evidentiary hearing. This is because, even if the allegations were true, they would not provide a basis for the suppression of evidence. Rather, they would go to the informant's credibility. The Defendant himself has based his motion on what he characterizes as the informant's unreliability. But attacking the informant's credibility is an issue for trial, not a basis to prevent the introduction of evidence obtained during controlled drug purchases. The purpose of the exclusionary rule, i.e., suppressing evidence, is to deter future Fourth Amendment violations, and the Defendant has not pointed to any such violation. *See Davis v. United States*, 564 U.S. 229, 236–37 (2011).The Defendant also cites to various excerpts from cases pertaining

---

[1] The Government surmises that the Defendant may be referring to an FBI policy requiring agents to obtain Court or U.S. Probation approval before using the cooperation of someone who is on federal supervised release. However, there is no evidence that the informant in this case was subject to any court supervision; the Government contends that the informant was not.

to entrapment. The defense of entrapment, too, is a question for a jury. *United States v. Mayfield*, 771 F.3d 417, 439 (7th Cir. 2014) (explaining that "the subjective basis of the defense makes entrapment a fact question for the jury to decide 'as part of its function of determining the guilt or innocence of the accused'" (quoting *United States v. Sherman*, 356 U.S. 369, 377 (1958)). The Defendant has not met his burden to identify a specific "material factual dispute" requiring resolution through an evidentiary hearing.

The Defendant's allegation that false and misleading information led to his indictment is, likewise, wholly without the requisite specific, non-conjectural and detailed facts in support. The Defendant is disputing the facts that led to his indictment; they are the same facts that he would, presumably, dispute in defense of the charges at trial. But that does not mean that he has presented a basis to challenge the indictment itself, as opposed to the charges within the indictment. In his briefs, the Defendant presents the grand jury issue as one that implicates the Supreme Court's decision in *Franks v. Delaware*, 438 U.S. 154 (1978). Under *Franks*, a search warrant is invalidated if the affidavit contained deliberate or reckless misrepresentations and if such statements were necessary to the finding of probable cause. *United States v. McMurtrey*, 704 F.3d 502, 504 (7th Cir. 2013). Although *Franks* is not applicable to the grand jury proceedings, the Court construes the Defendant's reference to that case as a suggestion that the law enforcement officers provided deliberately false testimony to the grand jury. In response, the Government indicated that it would provide the Defendant with a copy of the grand jury transcripts, which it stated was merely a summary of the numerous law enforcement reports and recordings in this case that the Government has already provided to the Defendant. Despite this, the Defendant has not identified any specific falsehoods that led to his indictment, much less to

5

any that the Government should have known were false. *Cf. McMurtrey*, 704 F.3d at 509 (noting that to obtain a hearing to challenge a search warrant, the defendant "must identify specific portions of the warrant affidavit as intentional or reckless misrepresentations, and the claim of falsity should be substantiated by the sworn statements of witnesses").

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion to Suppress [ECF No. 317].

SO ORDERED on March 1, 2018.

                                              s/ Theresa L. Springmann
                                              CHIEF JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT