UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | CAUSE NO.: 1:14-CR-14-TLS |
| | ) | |
| FLOYD D. THOMAS | ) | |

**OPINION AND ORDER**

The Defendant, Floyd D. Thomas, along with five co-defendants, was charged by Indictment with conspiracy to possess with intent to distribute cocaine, and possession of a firearm in furtherance of a drug trafficking crime. The Defendant, now proceeding pro se, has filed a Motion for Dismissal on Grounds of Entrapment [ECF No. 363]. In the Motion, the Defendant details his interactions with a confidential informant and undercover agents, and argues that these interactions prove entrapment. The Government, in Response to the Defendant's Motion to Dismiss Regarding Entrapment [ECF No. 368], takes issue with the Defendant's version of the facts, stating that it has a tremendous amount of evidence that is appropriate for a jury to consider. In the Defendant's Reply [ECF No. 372], he continues to attack the credibility of law enforcement and to argue that entrapment is a recognized defense.

"Entrapment is a defense to criminal liability when the defendant was not predisposed to commit the charged crime before the intervention of the government's agents and the government's conduct induced him to commit it." *United States v. Mayfield*, 771 F.3d 417, 420 (7th Cir. 2014) (en banc). Procedurally, the defense of entrapment is a question for a jury. *Id.* at 439 (explaining that "the subjective basis of the defense makes entrapment a fact question for the jury to decide 'as part of its function of determining the guilt or innocence of the accused'" (quoting *United States v. Sherman*, 356 U.S. 369, 377 (1958)); *see also Mathews v. United*

*States*, 485 U.S. 58, 63 (1988); *United States v. Barta*, 776 F.3d 931, 936 (7th Cir. 2015). The only time entrapment is not an issue for a jury is if the defendant fails to meet the threshold burden to "produce sufficient evidence upon which a rational jury could have inferred that he was entrapped into committing the crime charged." *United States v. Santiago-Godinez*, 12 F.3d 722, 727 (7th Cir. 1993) (citing cases). However, the Seventh Circuit has cautioned courts about the risk of being "tempted to balance the defendant's evidence against the government's" when considering a government motion in limine to preclude the entrapment defense, because to do so would be "invading the province of *the jury*" and "rais[e] the bar for presenting entrapment evidence *at trial*." *Mayfield*, 771 F.3d at 440 (emphasis added); *see also United States v. Johnson*, 32 F.3d 304, 307 (7th Cir. 1994) (explaining that the availability of an entrapment defense "is typically not amenable to pretrial resolution because whether or not entrapment occurred is a factual issue" that turns on intent and credibility).

The Court makes no ruling, at this time, whether the Defendant is entitled to a jury instruction on entrapment. However, the Court can definitively and conclusively find that there is no basis in the law to take the question of entrapment, if the evidence submitted at trial supports it, out of the province of the jury.[1] The Defendant's Motion does not present a basis to dismiss the Indictment against him.

---

[1] The Defendant repeatedly cites to Justice Brandeis's dissent in *Casey v. United States*, 276 U.S. 413 (1928), presumably because Justice Brandeis advanced the theory that courts should not preside over the prosecutions of entrapped defendants because it would be "ratification by the government of the officers' unauthorized and unjustifiable conduct." 276 U.S. at 423–24 (Brandeis, J., dissenting). As noted by the Seventh Circuit in *Mayfield*, when the Supreme Court eventually adopted the entrapment defense (it had not done so in *Casey*), it expressly rejected the "judicial integrity" justification promoted by Justice Brandeis. 771 F.3d at 426 (citing *Sorrells v. United States*, 287 U.S. 435, 449–50 (1932)). By adopting the defense on statutory interpretation grounds instead, the Court dictated that it was a question for a jury to decide. *Id.* at 427. None of the Defendant's protestations regarding the evidence alters this.

2

## CONCLUSION

For the reasons stated above, the Court DENIES the Defendant's Motion for Dismissal on Grounds of Entrapment [ECF No. 363].

SO ORDERED on April 18, 2018.

                                                 s/ Theresa L. Springmann
                                                CHIEF JUDGE THERESA L. SPRINGMANN
                                                UNITED STATES DISTRICT COURT