UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO. 1:14-CR-00014 DRL-SLC |
| FLOYD D. THOMAS, | |
| Defendant. | |

OPINION AND ORDER

Mr. Floyd Thomas was charged with six counts of different drug-related charges. ECF 57. He has twice pleaded guilty to counts one and two of the indictment in open court, once in front of Magistrate Judge Susan Collins (ECF 285) and once in front of Chief Judge Theresa Springmann (ECF 449). After both, Mr. Thomas filed a motion to withdraw his guilty plea. ECF 297 and 495. Although the court granted Mr. Thomas' first motion to withdraw his guilty plea before the recommendation had been accepted (ECF 300), his second motion must be denied. ECF 495.

BACKGROUND

In 2014, a grand jury charged Mr. Thomas with six counts, including one count of conspiring to possess and distribute cocaine, one count of possessing a firearm in furtherance of a drug trafficking crime, and four counts of distributing heroin. ECF 57. With Mr. Thomas, five other individuals were charged in the conspiracy to distribute cocaine. *Id.*

After years of motions to continue and plea bargaining, Mr. Thomas entered a guilty plea on September 21, 2017 to the first two counts of the indictment—the conspiracy charge and possession of a firearm in furtherance of a drug trafficking crime. ECF 285. At the plea hearing, the magistrate judge found that Mr. Thomas was competent; that he understood the nature of the charges against

1

him; that he knowingly waived his rights; that he knew the maximum possible sentence for his charges; that there was a factual basis for his plea; and that he knowingly and voluntarily entered his plea. ECF 285, 287. The magistrate judge recommended acceptance of his guilty plea. *Id.*

Two weeks later, before the recommendation's acceptance, Mr. Thomas filed a motion to withdraw his guilty plea. ECF 297. Chief Judge Springmann granted the motion to withdraw his plea, and later scheduled his trial for April 16, 2018. ECF 300, 349. After several motions to continue, the parties submitted a plea agreement for Mr. Thomas on January 8, 2019. ECF 445.

On January 10, 2019, the court held a second change of plea hearing for Mr. Thomas. ECF 449. At the hearing, the court made several findings, including that Mr. Thomas understood the proceeding's significance, the charges against him, and that the plea was knowing and voluntary based as it was on a factual basis covering the essential elements of the crimes. *Id.* The court accepted his plea and deferred acceptance of the binding plea agreement until sentencing. *Id.* The court issued its sentencing scheduling order on January 11, 2019. ECF 451.

After the final presentence investigation report and sentencing memoranda, Mr. Thomas' attorney, Mr. Thomas O'Malley, asked the court to grant his motion to withdraw as attorney. ECF 466, 480. The court granted the motion pending new appointment of counsel. ECF 480. A day later, on May 16, 2019, Mr. Thomas filed the instant motion to withdraw his plea of guilty. ECF 482. On May 26, Mr. Donald Swanson appeared for Mr. Thomas. ECF 498. About two months later, Mr. Thomas filed his brief supporting the withdrawal of his guilty plea. ECF 513.

The case was reassigned to this presiding judge on September 4, 2019. On September 9, 2019, the court received a letter from Mr. Thomas attempting to supplement his brief in support of his motion to withdraw his guilty plea. ECF 516. The government responded to the motion on September 12, 2019, and it thus became ripe for decision.

STANDARD

When a guilty plea has been accepted, a defendant may withdraw such plea before sentencing occurs upon a showing of a "fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant does not have an absolute right to withdraw a plea, and he bears a heavy burden of persuasion in showing that such a fair and just reason exists. *United States v. Chavers,* 515 F.3d 722, 724 (7th Cir. 2008). "[T]here is no absolute right to withdraw a guilty plea . . . and a defendant seeking to do so faces an 'uphill battle after a thorough Rule 11 colloquy.'" *United States v. Bradley,* 381 F.3d 641, 645 (7th Cir. 2004) (quoting *United States v. Bennett,* 332 F. 3d 1094, 1099 (7th Cir. 2003)).

DISCUSSION

Mr. Thomas argues that his plea should be withdrawn because of *Rehaif v. United States,* 139 S. Ct. 2192 (2019). The court disagrees.

Foremost, the defendant in *Rehaif* was charged under 18 U.S.C. § 922 (felon in possession statute) while Mr. Thomas pleaded guilty to conspiring to possess with the intent to distribute 5 kilograms or more of cocaine (21 U.S.C. § 846) and possessing a firearm in furtherance of a drug trafficking crime (18 U.S.C. § 924(c)). These are different statutory provisions—with different elements. The "prohibited status" that required a "knowing" *mens rea* in *Rehaif* is not an issue with the charges awaiting sentencing for Mr. Thomas. *See Rehaif,* 139 S. Ct. at 2194.

A comparison of the statutes puts this in finer point. Under 18 U.S.C. § 924(c), "any person who, during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall . . . be sentenced to a term of imprisonment of not less than 5 years." There are three elements to the crime: the defendant must (1) commit a drug trafficking crime as alleged, and (2) knowingly use or possess a firearm (3) in furtherance of the drug trafficking crime. *See United States v. Castillo,* 406 F.3d 806, 817 (7th Cir. 2005); *Seventh Circuit Pattern Jury Instructions Criminal* 18 U.S.C. § 924(c)(1)(A). On the other hand, under 18

3

U.S.C. § 922(g), the defendant must (1) knowingly possess a firearm, (2) while knowingly within a prohibited status (*e.g.,* previously convicted of a crime punishable by imprisonment for a term exceeding one year)). *See Rehaif,* 139 S. Ct. at 2194. Consequently, Mr. Thomas' assertion that *Rehaif* serves as a basis for withdrawing his plea is unpersuasive.

Mr. Thomas also knowingly and voluntarily pleaded guilty to counts one and two of the indictment, dispensing any argument that he was perplexed by the charges to which he pleaded guilty. Mr. Thomas underwent a thorough plea colloquy, and he demonstrated that he understood the charges against him. *See*, *e.g.*, Fed. R. Crim. P. 11(b)(1)(6) (defendant must be informed about "the nature of each charge to which the defendant is pleading"); *United States v. Bradley,* 381 F.3d 641, 645 (7th Cir. 2004) (totality of circumstances). His representations under oath—and the strong presumption of veracity attached to them—have not been undercut here. *United States v. Weathington,* 507 F.3d 1068, 1072 (7th Cir. 2007).

In addition to covering the specific elements of his charges, the court reviewed the factual basis for the charges. In Mr. Thomas' words: "From sometime in November or December of 2013 until February 12, 2014, I along with a man, who was a confidential informant, discussed robbing a large quantity of drugs . . . I made a plan with a few other men to meet with Wayne and rob a drug stash house. The day the robbery was supposed to take place, I possessed a firearm, which I was going to bring with me when we went to what we thought was a vacant warehouse to get ready for the robbery." *Id.* at 26–27. This factual basis, offered in his own words, does not exhibit any confusion about the charges against him. Of course, this was the second time that he had been fully advised of the charges, fully advised of his rights, and voluntarily and knowingly pleaded guilty to the charges.

Given the burden for withdrawing a guilty plea after a sufficient Rule 11 colloquy, Mr. Thomas' motion to withdraw guilty plea must be denied. *See Bennett*, 332 F. 3d at 1099.

The recent letter from Mr. Thomas does not change this analysis. A defendant does not have an affirmative right to submit a *pro se* brief when the defendant is represented by counsel. *United States v. Gwiazdzinski,* 141 F.3d 784, 787 (7th Cir. 1998); *United States v. Williams,* 495 F.3d 810 (7th Cir. 2009); *United States v. Khatib,* 606 Fed. Appx. 845, 847 ("This court has held that a defendant who is represented by counsel relinquishes the right to file his own *pro se* submissions."). Accordingly, the court may strike any letter submitted by a defendant who is represented.

Throughout this case, Mr. Thomas has submitted several *pro se* letters to the court while represented by counsel. At least on four prior occasions, the court has advised Mr. Thomas that he cannot submit *pro se* letters while represented, and the court has struck any such letters accordingly. ECF 470, 480, 485-486, 512, 514. Likewise, his current letter must be stricken. ECF 516. What is more, at all times Mr. Thomas was represented by competent counsel, and Mr. Thomas confirmed at his plea hearing that he was satisfied with counsel. ECF 445; 494 at 3, 6, 11; Tr. at 11. At this stage, his letter does not support a withdrawal of his guilty plea.

## CONCLUSION

The court finds that Mr. Thomas was fully competent, understood his charges and plea agreement, and knowingly and voluntarily pleaded guilty to counts 1 and 2. Because his motion lacks a fair and just reason for withdrawing his guilty plea, the court DENIES his motion (ECF 512) and DIRECTS the clerk to STRIKE his letter (DE 516), though the letter will remain part of the record, with the admonition once more that all filings should be submitted through counsel while represented.

SO ORDERED.

October 8, 2019                                         *s/ Damon R. Leichty*
                                                                  Judge, United States District Court